UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
ANTHONY MOSES,                         :    13 Civ. 2041 (LGS) (JCF)
                                       :
                Plaintiff,             :        REPORT AND
                                       :        RECOMMENDATION
                                       :
        - against -                    :
                                       :
CAROLYN W. COLVIN, Acting              :
Commissioner of Social Security,       :
                                       :
                Defendant.             :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

  The plaintiff, Anthony Moses, brings this action pro se pursuant to 42 U.S.C. § 405(g), seeking judicial review of a determination of the Commissioner of the Social Security Administration (the "Commissioner") that dismissed his request for a hearing on a claim for Supplemental Security Income ("SSI") benefits after the plaintiff failed to appear as scheduled before an Administrative Law Judge ("ALJ").  The Commissioner has filed a motion to dismiss pursuant to Rule (12)(b)(1) of the Federal Rules of Civil Procedure, contending that the district court lacks subject matter jurisdiction.

  For the reasons stated below, I recommend that the motion be granted so that the Commissioner may provide Mr. Moses an opportunity to establish good cause for his failure to attend his hearing.

Background

Anthony Moses filed a claim for SSI benefits in August 2011. (Declaration of Patrick J. Herbst dated July 30, 2013, ¶ (3)(a) ("Herbst Decl.")).  The Social Security Administration (the "SSA") denied his application on January 4, 2012.  (Herbst Decl., ¶ (3)(a)).  On February 16, 2012, pursuant to the SSA's guidelines, Mr. Moses requested a hearing before an ALJ to challenge the SSA's determination.  (Herbst Decl., ¶ (3)(a)).  On April 5, 2012, the SSA sent the plaintiff a Notice of Hearing, informing him that a hearing had been scheduled for July 12, 2012.  (Herbst Decl., ¶ (3)(b)).[1]  Mr. Moses signed and returned an Acknowledgment for Receipt of Hearing on April 11, 2012.  (Herbst Decl., ¶ (3)(b)). On June 28, 2012, two weeks prior to the scheduled hearing, the SSA sent Mr. Moses a Notice of Hearing Reminder.  (Herbst Decl., ¶ (3)(b)).

Mr. Moses did not attend the hearing on July 12, 2012, and that same day the ALJ issued an Order of Dismissal for failure to appear.  (Herbst Decl., ¶ (3)(c); Order of Dismissal, attached as Exh. 1 to Herbst Decl.).  There is no indication that the SSA attempted to contact Mr. Moses on or after the day of the hearing. (Herbst Decl., ¶ (3)(c)).  Nor did the SSA send Mr. Moses a Notice

---

[1] Although the Herbst Declaration refers to July 12, 2002, it is apparent that the correct date is July 12, 2012.

to Show Good Cause, a common method of soliciting information concerning reasons the claimant did not appear at his scheduled hearing and assessing whether he may be eligible for another hearing opportunity.  20 C.F.R. § 416.1457(b)(1) (Herbst Decl., ¶ 3(c)).  Thus, no hearing was ever held either on the merits of Mr. Moses' claim or on the issue of whether Mr. Moses could demonstrate good cause for failure to attend the scheduled hearing.

Mr. Moses sought review of the ALJ's order by the Appeals Council, which denied the request on January 24, 2013. (Herbst Decl., ¶ (3)(d); Action of Appeals Council on Request for Review of Dismissal, attached as Exh. 2 to Herbst Decl.).  The plaintiff then filed this action on March 26, 2013.

Mr. Moses claims that he was unable to attend his hearing before the ALJ because he was incarcerated on the date that it was scheduled. (Affirmation in Opposition to Defendant's Motion to Dismiss dated August 2, 2013).  In light of the "information and evidence supplied by Plaintiff with his request for Appeals Council review and with the complaint he filed in District Court," the Appeals Council is now offering to provide Mr. Moses with a new hearing for the purposes of determining whether he had good cause for failing to appear at the July 12, 2012 hearing. (Herbst Decl., ¶ (3)(e); Defendant's Memorandum of Law in Support of Motion to Dismiss ("Def. Memo.") at 6).

3

<u>Discussion</u>

A. <u>Standard of Review</u>

In considering a motion to dismiss for lack of subject matter jurisdiction, the court must accept as true all factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff. <u>Natural Resources Defense Council v. Johnson</u>, 461 F.3d 164, 171 (2d Cir. 2006). Unlike on a Rule 12(b)(6) motion, the court is authorized to consider matters outside of the pleadings, including affidavits, documents, and testimony if necessary. <u>See</u> <u>Kamen v. American Telephone & Telegraph Co.</u>, 791 F.2d 1006, 1010-11 (2d Cir. 1986); <u>Melnitzky v. HSBC Bank USA</u>, No. 06 Civ. 13526, 2007 WL 1159639, at *5 (S.D.N.Y. April 18, 2007). Although the submissions of a <u>pro</u> <u>se</u> plaintiff like Mr. Moses must be liberally construed, <u>see</u> <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200-01 (2d Cir. 2004), an action cannot be sustained if subject matter jurisdiction is lacking. <u>Lyndonville Savings Bank & Trust Co. v. Lussier</u>, 211 F.3d 697, 700-01 (2d Cir. 2000).

B. <u>42 U.S.C. § 405(g)</u>

Section 405(g) of the Social Security Act provides for limited judicial review of final decisions of the Commissioner. That section states, in pertinent part, that "[a]ny individual, after any <u>final decision</u> of the Commissioner of Social Security made <u>after a hearing</u> to which he was a party . . . may obtain review of

such decision" in a "district court of the United States." 42
U.S.C. § 405(g) (emphasis added).    The SSA has promulgated
regulations outlining the process by which an applicant must
exhaust administrative remedies prior to appealing a "final
decision" in federal court.   After the SSA makes a determination
regarding an initial request for benefits, an applicant who wishes
to contest that determination must first seek reconsideration, then
request a hearing before an ALJ and then, if still unsatisfied,
request a review of the ALJ's decision by the Appeals Council.   20
C.F.R. § 416.1400(a); Louis v. Commissioner of Social Security, No.
09 Civ. 4725, 2010 WL 743939, at *2 (S.D.N.Y. March 2, 2010).[2]
Only after a plaintiff has completed these steps and obtained a
decision from the Appeals Council will the decision become "final"
and potentially eligible for federal district court review.    20
C.F.R. §§ 416.1400(a), 416.1481; see also Escalera v. Commissioner
of Social Security, 457 F. App'x 4, 6 (2d Cir. 2011).

    An ALJ's dismissal of a request for a hearing is binding,
unless it is subsequently vacated by the ALJ or the Appeals
Council.   20 C.F.R. § 416.1459.    That it is "binding," however,
does not mean it is a "final decision."     The Second Circuit

---

    [2] In some cases, including, apparently, Mr. Moses', the SSA
eliminates the reconsideration step and simply notifies the
claimant that he may request a hearing before an ALJ immediately
after the initial determination.   20 C.F.R. § 416.1406(b)(4).

interprets Section 405(g) to grant jurisdiction to review an SSA decision only if that decision follows an actual hearing on the merits. <u>Dietsch v. Schweiker</u>, 700 F. 2d 865, 867 (2d Cir. 1983) (stating that Appeals Council dismissal predicated on procedural default "is not reviewable by the district court because it is not a 'final decision' under § 405(g)"). Under this interpretation, a "[d]ismissal for failure to appear at the hearing does not constitute a final decision on the merits and consequently cannot be reviewed under 42 U.S.C. § 405(g)." <u>Milazzo ex rel. Rodriguez v. Barnhart</u>, No. 05 Civ. 9218, 2006 WL 2161781 (S.D.N.Y. Aug. 1, 2006) (citing <u>Plagianos v. Schweiker</u>, 571 F. Supp. 495, 497 (S.D.N.Y. 1982) ("[W]hen there was no hearing and determination on the merits by a final decision, there is nothing for the court to review . . . [and] absent any constitutional question, an application for judicial review fails to state a claim on which relief may be granted.")); <u>see also</u> <u>Saldana v. Astrue</u>, No. 07 Civ. 5893, 2008 WL 534762, at *2 (S.D.N.Y. Feb. 25, 2008) ("failure to appear at [a] hearing [means] this Court lacks jurisdiction over the action"); <u>Urena v. Commissioner of Social Security</u>, No. 02 Civ. 8537, 2003 WL 21702285, at *2 (S.D.N.Y. July 23, 2003) (invocation of Section 405(g) jurisdiction was inappropriate to review an SSA decision based on the procedural ground of failure to appear).

Mr. Moses appealed the denial of his claim first to an ALJ and

then to the Appeals Council, the appropriate procedure for exhausting administrative remedies before seeking judicial review. However, because Mr. Moses' claim is based on the dismissal of his request for a hearing after he failed to appear, and not the outcome of a merits-based hearing, it is not a "final decision" under § 405(g) that is subject to review by this court.

C. Exceptions to 42 U.S.C. § 405(g)

There are certain circumstances in which a federal court may review an SSI claim even though it has not been adjudicated on the merits in a hearing that has produced a "final decision." For example, while dismissal for lack of subject matter jurisdiction is generally appropriate in cases involving a plaintiff's failure to appear, courts have dispensed with the hearing requirement when "the plaintiff has raised a colorable constitutional claim relating to the agency decision." Guerra v. Commissioner of Social Security, No. 12 Civ. 6750, 2013 WL 3481284, at *3 (S.D.N.Y. July 1, 2013) (internal quotation marks omitted). A colorable constitutional claim includes allegations that the "SSA failed to comply with its own procedures in considering [the plaintiff's] claim" or that "[the plaintiff] did not receive notice . . . suggest[ing] good cause for having failed to appear and an attendant lack of due process." Id. at *4; see also Crumble v. Secretary of Health & Human Services, 586 F. Supp. 57, 57-61

(E.D.N.Y. 1984) (denying motion to dismiss for lack of subject matter jurisdiction in part because plaintiff had not received an opportunity to explain his failure to appear for scheduled hearing); Califano v. Sanders, 430 U.S. 99, 109 (1977) (noting "well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed" under Section 405(g)).

Additionally, a court may exercise mandamus jurisdiction under 28 U.S.C. § 1361 and review a social security claim even though it has not been adjudicated after a hearing on the merits under 42 U.S.C. § 405(g). In order to qualify for mandamus relief, a plaintiff must demonstrate that (1) he has a right to have the act at issue performed, (2) the defendant is under a clear non-discretionary duty to perform that act, and (3) the plaintiff has exhausted all other avenues of relief. See City of New York v. Heckler, 742 F.2d 729, 739 (2d Cir. 1984); Urena, 2003 WL 21702285 at *2.

The SSA regulations allow an ALJ to dismiss a claimant's request for a hearing if he "[does not] appear[] at the time and place set for the hearing . . . and good cause has not been found by the [ALJ] for [his] failure to appear," or if "[the claimant does not] give a good reason for the failure to appear" in response to a notice from the ALJ "asking why [he] did not appear." 20

8

C.F.R. § 416.1457(b)(1).  Here, the ALJ apparently determined that Mr. Moses had not established good cause for his failure to appear at the hearing and dismissed his request for a hearing that same day.  The ALJ did not attempt to contact Mr. Moses, who had previously been responsive regarding his hearing, nor did the ALJ send a letter requesting that Mr. Moses provide information to establish good cause for having missed his hearing, as anticipated in at least some instances by section 416.1457(b)(1)(ii) of the regulations.  (Herbst Decl., ¶ (3)(e)).

Mr. Moses has not alleged that his constitutional rights were violated when the ALJ and Appeals Council dismissed his request for a hearing without providing an opportunity for him to show good cause for his failure to attend, nor does he argue that the prerequisites for mandamus jurisdiction have been met and that he had a right to a non-discretionary hearing to establish good cause. Such a determination is unnecessary at this time, as another avenue of relief is available to Mr. Moses.  The Appeals Council has indicated that it is now willing to hold a hearing on whether Mr. Moses had good cause for his failure to appear in July 2012, apparently reconsidering the information he submitted during his original appeal to the Council in light of his complaint in this case. (Herbst Decl., ¶ (3)(e)).  The SSA should be allowed this opportunity to "correct its own errors" and "compile a record which

is adequate for judicial review." <u>Weinberger v. Salfi</u>, 422 U.S. 749, 765 (1975) (listing rationales for requiring exhaustion of administrative remedies prior to judicial review).

<u>Conclusion</u>

For the reasons set forth above, I recommend that the defendant's motion (Docket no. 12) be granted and the complaint be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this report and recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Honorable Lorna G. Schofield, Room 201, 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          October 17, 2013

Copies mailed this date:

Anthony Moses
2477 Crotona Ave.
Bronx, NY 10458

Susan C. Branagan, Esq.
Assistant U.S. Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007