USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                :
ANTHONY MOSES,         :
                : OPINION AND ORDER
           Plaintiff,     :
                : 13 Civ. 2041 (LGS)
  -against-            :
                :
COMMISSIONER OF SOCIAL SECURITY,   :
                :
           Defendant.    :
                :
------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

Plaintiff Anthony Moses brings this action pro se against Defendant Carolyn W. Colvin, Commissioner of Social Security ("Commissioner"), seeking judicial review of the Social Security Administration's ("SSA") dismissal of Plaintiff's request for a hearing on a claim for Supplemental Security Income ("SSI") benefits after failing to appear at a previously scheduled hearing before an Administrative Law Judge ("ALJ"). Defendant has filed a Motion to Dismiss, claiming that the court lacks subject matter jurisdiction ("Motion"). (Dkt. No. 12).

Before the Court is the Report and Recommendation of Magistrate Judge Francis ("Report"), recommending that the Court grant Defendant's Motion "so that the Commissioner may provide Mr. Moses an opportunity to establish good cause for his failure to attend his hearing." (Report at 1, Dkt. No. 19).

**I.**     **Background**

Plaintiff filed a claim for SSI benefits, which the SSA denied on January 4, 2012. At Plaintiff's request, the SSA scheduled a hearing before an ALJ for July 12, 2012 to

give Plaintiff a chance to challenge this denial.  Plaintiff did not attend the hearing, and the ALJ issued an order of dismissal for failure to appear.  Plaintiff claims that he was unable to attend the hearing because he was incarcerated on the date for which it was scheduled.  Plaintiff sought review of the ALJ's order by the Appeals Council, which denied the request on January 24, 2013.

Plaintiff filed the Complaint in this action on March 26, 2013.  (Dkt. No. 2).  The case was referred to Magistrate Judge Francis on April 3, 2013.  (Dkt. No. 7).  On July 30, 2013, the Commissioner filed the present Motion.  On October 17, 2013, Judge Francis issued the Report, recommending that the Court grant the Motion and dismiss the case.  Plaintiff filed his objections to the Report on November 12, 2013 ("Objections").  (Dkt. No. 21).

**II.     Standard of Review**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "The Court reviews the Report strictly for clear error where no objection has been made, and makes a de novo determination regarding those parts of the Report to which objections have been made."  *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009).

De novo review of a magistrate judge's report does not require the Court to conduct a de novo hearing on the underlying issues.  *United States v. Raddatz*, 447 U.S. 667, 676 (1980).  Rather, Congress intended "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."  *Id.*  Further, courts have held that when exercising de

novo review, "'[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections.'" *LaBarbera v. D. & R. Materials Inc.*, 588 F. Supp. 2d 342, 344 (E.D.N.Y. 2008) (alterations in original) (quoting *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 Fed. Appx. 230, 232 (2d Cir. 2006)).

To invoke de novo review of the magistrate judge's recommendations, a party's objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *McDonaugh*, 672 F. Supp. 2d at 547 (internal quotation marks omitted). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error. *Crowell v. Astrue*, No. 08 Civ. 8019, 2011 WL 4863537, at *2 (S.D.N.Y. Oct. 12, 2011) (citing *Pearson–Fraser v. Bell Atl.*, No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003)). A decision is "clearly erroneous" when the Court, upon review of the entire record, is "left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (internal quotation marks omitted).

### III.   Discussion

Here, Plaintiff's Objections are not sufficient to invoke de novo review. The Objections are not specific or clearly aimed at particular findings in the Report. Instead, the Objections are simply conclusory and reiterate Plaintiff's original arguments as to why he qualifies for SSI benefits and why he had good cause to miss the hearing on July 12, 2012.

Accordingly, the Court has reviewed the Report for clear error, and has found none. Judge Francis has made the appropriate recommendation that the case be dismissed for lack of subject matter jurisdiction.

The Court notes that even though the case before it will be dismissed, Plaintiff's ongoing effort to apply for SSI benefits will not be terminated. The Report states that "the Appeals Council is now offering to provide Mr. Moses with a new hearing for the purposes of determining whether he had good cause for failing to appear at the July 12, 2012 hearing." (Report at 3). Therefore, at this new hearing, Plaintiff will have an opportunity to pursue the relief that he seeks and can present the evidence of his incarceration on July 12, 2012, which was included with his Objections.

## IV.   Conclusion

The Court ADOPTS the Report in its entirety as the decision of the Court. This case is DISMISSED. A certificate of appealability shall not issue, as Petitioner has not made a substantial showing of the denial of a constitutional right.

The Clerk of Court is directed to mail a copy of this order to the pro se Plaintiff and close this case.

SO ORDERED.

Dated: New York, New York
       November 15, 2013

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE