USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                     :

ANTHONY MOSES,                               :

                        Plaintiff,    :

                                                     :        13 Civ. 2041 (LGS)

                -against-                   :

                                                     :        <u>OPINION AND ORDER</u>

CAROLYN W. COLVIN, Acting Commissioner  :
of Social Security,                                :

                        Defendant.   :
                                                     X
------------------------------------------------------------

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Anthony Moses brings this action pro se against Defendant Carolyn Colvin, the Acting Commissioner of Social Security. Plaintiff's most recent motion seeks an extension of time to file a notice of appeal of this Court's November 18, 2013 judgment dismissing Plaintiff's Complaint ("Motion"). Before the Court is the Report and Recommendation of Magistrate Judge Francis ("Second Report"), recommending that the Motion be denied. For the reasons stated below, the Second Report is adopted in its entirety, and the Motion is denied.

    **I.**    **Background**

      Plaintiff filed a claim for Supplemental Security Income ("SSI"), which was denied by the Social Security Administration ("SSA") on January 4, 2012. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") to challenge the denial. The hearing was set for July 12, 2012, but Plaintiff failed to appear. The ALJ issued an order of dismissal, of which Plaintiff sought review to the Appeals Council. On January 24, 2013, the Appeals Council declined to review the ALJ's order of dismissal.

      Plaintiff filed his Complaint in this action on March 26, 2013. The case was referred to Magistrate Judge Francis on April 3, 2013. Judge Francis issued a Report and Recommendation

("First Report") on October 17, 2013, recommending that Plaintiff's claims be dismissed for lack of subject matter jurisdiction. This Court issued an order on November 15, 2013, adopting the First Report and dismissing Plaintiff's claims.

On January 15, 2014, Plaintiff filed the present Motion, seeking an extension to file a notice of appeal. Judge Francis issued the Second Report on January 23, 2014, recommending denial of the Motion. Plaintiff has not filed any objections to the Second Report.

**II.     Standard of Review**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

The court must make a de novo review of any portions to which petitioner articulates a specific objection to a magistrate's decision on issues raised before the magistrate. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made to the magistrate judge, the district court will review the report strictly for clear error. *Crowell v. Astrue*, No. 08 Civ. 8019, 2011 WL 4863537, at *2 (S.D.N.Y. Oct. 12, 2011) (citing *Pearson-Fraser v. Bell Atl.*, No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003)).

### III.     Discussion

The Second Report recommends that this Court deny Plaintiff's Motion for an extension of time to file a notice of appeal. The Court has reviewed the Second Report for clear error and found none.

The Federal Rules of Appellate Procedure dictate that where, as here, an officer of the United States is being sued in his or her official capacity, a notice of appeal must be filed "within 60 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(B)(iii). The district court may extend the time to file the notice of appeal if two requirements are met: (1) the request for the extension was filed with the district court within 30 days of the expiration of the original 60 day timeframe prescribed by Rule 4(a); and (2) the party seeking the extension has shown "excusable neglect" or "good cause." Fed. R. App. P. 4(a)(5)(A). The Second Report concluded that Plaintiff's Motion was timely but did not meet the second requirement of "excusable neglect" or "good cause."

Plaintiff maintains that he needs the extension so his attorney can review his transcript. The Second Report determined that the circumstances prompting Plaintiff to seek an extension were within his own control, and therefore required a showing of "excusable neglect," rather than "good cause," to warrant an extension under Rule 4. The Advisory Committee's note to the 2002 amendments to Rule 4 of the Federal Rules of Appellate Procedure read:

> The good cause and excusable neglect standards have different domains. They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Fed. R. App. P. 4 Advisory Committee's note to 2002 amendments (citation omitted) (internal quotation marks omitted).

The Second Report determined that Plaintiff's actions do not constitute excusable neglect. "[W]here, as here, the moving party has failed to comply with the dictates of a clear, unambiguous rule, the request for an extension should ordinarily be denied." Second Report at 3 (citing *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366-67 (2d Cir. 2003)). Plaintiff had two months for counsel to review the record, which is ample time considering Plaintiff's original claims were dismissed for lack of jurisdiction and not reviewed on the merits. Furthermore, filing a notice of appeal can be accomplished without significant review. The filing process requires minimal effort and very little, if any, specialized skill that would require counsel supervision. *Zubair v. Entech Eng'g P.C.*, 900 F. Supp. 2d 362, 363 (S.D.N.Y. 2013).

Lastly, the Second Report points out that "denying [Plaintiff's] motion will not end his quest for SSI benefits, as the SSA has offered to provide him a new hearing at which he will have an opportunity to pursue the relief that he seeks." Second Report at 4.

### IV.  Conclusion

Finding no clear error in the Second Report, and for the reasons stated above, the Court adopts the Second Report in its entirety. Plaintiff's motion for an extension of time to file a notice of appeal is hereby DENIED.

The Clerk of Court is directed to close the motion at docket 24 and close this case.

Dated: February 47. 2014
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE